GINSBURG, TATEL and GRIFFITH, Circuit Judges,
concurring in the denial of rehearing en banc:
In response to the Government’s petition, we underline two matters. First, because the Government did not argue the points, the court did not decide whether, absent a warrant, either reasonable suspicion or probable cause would have been sufficient to render the use of the GPS lawful; to the extent the Government invoked the automobile exception to the warrant requirement, as we pointed out, that exception applies only when “a car is readily mobile and probable cause exists to believe it contains contraband,” neither of which elements the Government satisfied. 615 F.3d 544, 567 (quoting Pennsylvania v. Labron, 518 U.S. 938, 940, 116 S.Ct. 2485, 135 L.Ed.2d 1031 (1996)). Second, the Government’s petition complains that the court’s opinion “implicitly calls into question common and important practices such as sustained visual surveillance and photographic surveillance of public places,” Pet. at 2, but that is not correct. The court explicitly noted: “This ease does not require us to, and therefore we do not, decide whether a hypothetical instance of prolonged visual surveillance would be a search subject to the warrant requirement of the Fourth Amendment.” 615 F.3d at 566.